# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# SOUTHERN DIVISION
# AT LONDON

CIVIL ACTION NO. 17-108-DLB

RHONDA WHITE                   PLAINTIFF

vs.        **MEMORANDUM ORDER**

AMEDISYS HOME HEALTH, LLC, et al.         DEFENDANTS

\*\*\* \*\*\* \*\*\* \*\*\* \*\*\* \*\*\*

## I. INTRODUCTION

This is a civil rights (Ky. Rev. Stat. Ann. § 344.040) and workers' compensation retaliation (Ky. Rev. Stat. Ann. § 342.197) employment action brought against Plaintiff's former employer and two of her former supervisors. Plaintiff filed suit in the Bell County Circuit Court. Defendants removed the action to this Court. The Court does not have jurisdiction over this action, as Plaintiff's claim under Ky. Rev. Stat. Ann. § 342.197, Kentucky Workers' Compensation ("WC Retaliation") statute, presents a claim arising out of a state workers' compensation claim, for which 28 U.S.C. § 1445(c) prohibits removal. The Court therefore **remands** this action to the Bell County Circuit Court.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Rhonda A. White is a citizen of Kentucky. (Doc. # 1-1 at 2). Defendant Amedisys Holding, LLC is a Louisiana limited-liability company whose sole member is Amedisys, Inc., a publicly traded corporation registered in Delaware with its principal place of business in Baton Rouge, Louisiana. (Doc. # 1 at 3). Defendant Melissa McKinney's sole residence for at least the last six years has been in Tennessee. (Doc. #

3). Defendant Melissa Leake's sole residence for at least the last fourteen years has been in Tennessee. (Doc. # 4).

In March 2017, Plaintiff filed a complaint in Bell County Circuit Court, alleging violations of the Kentucky Civil Rights Act (KCRA) and the WC Retaliation statute. (Doc. # 1-1 and 1-5). Plaintiff alleged that she was employed by Amedisys and supervised by Defendants Leake and McKinney; that she was wrongfully harassed, coerced, and discriminated against by Defendants; and was terminated on or about January 31, 2017. (Doc. # 1-1 at ¶¶ 2-4). Plaintiff further alleged the following:

(1) That she was discriminated against based on a work-related injury and workers' compensation claim. *Id.* at ¶ 4;

(2) That Defendants violated her rights, wrongfully fired her, and discriminated against her. *Id.* at ¶5;

(3) That she suffered a work-related injury on January 9, 2017, and was wrongfully harassed, coerced, and discriminated against as a "direct result" of her potential workers' compensation claim, her color, her ethnicity, and as a person with a back injury. *Id.* at ¶ 7; and

(4) That Plaintiff was the only person of color at Amedisys, had not experienced any racial discrimination until new management arrived, in particular, Plaintiff was left out of conversations or conversations stopped when she entered a room, she was excluded from lunch activities, outside break activities, and other outings, and she was segregated and discriminated against, in violation of the Kentucky Civil Rights Act. *Id.* at ¶ 6.

In her prayer for relief, Plaintiff demanded reinstatement, lost wages, back pay, front pay, lost benefits, health care coverage, all costs, workers' compensation benefits, all benefits, and reasonable attorneys' fees, all in excess of five-thousand dollars. *Id.* at 3. Plaintiff's Complaint also demanded punitive damages in excess of five-thousand dollars. *Id.*

Defendants Amedisys, McKinney, and Leake removed the case to this Court, claiming the Court has diversity jurisdiction under 28 U.S.C. § 1332(a) because complete diversity existed and the amount-in-controversy was met. (Doc. # 1 at 2-4). Specifically, Defendants claimed that Plaintiff's back pay claims, potential emotional distress damage, and requests for attorneys' fees claims collectively added up to more than $75,000, satisfying § 1332's amount-in-controversy requirement. *Id.* at 4-6. Plaintiff did not contest the removal of the action.

On May 2, 2017, Defendants moved to dismiss several of Plaintiff's claims under Rule 12(b)(6). (Doc. # 8). Defendants argued that the claims under the WC Retaliation statute and the KCRA were not legally cognizable against Defendants Leake and McKinney in their individual capacities, and that Plaintiff's putative KCRA conspiracy claim under Ky. Rev. Stat. Ann. § 344.280 ("KCRA Conspiracy") against all Defendants failed as a matter of law.[1] (Doc. # 8-1 at 5-11). Defendants also requested that the Court extend its time to answer the remaining claims until after the Court ruled on their Motion to Dismiss. *Id.* at 11. Plaintiff responded by stating that she had no objection to dismissing the claims against Defendants McKinney and Leake, or to the dismissal of a

---

[1] Although not specifically pled in the Complaint, Defendants have read the Complaint to include allegations of a violation of Ky. Rev. Stat. Ann. § 344.280, which prohibits two or more people from conspiring to retaliate in response to a person's action opposing the KCRA or bringing a complaint or charge under the KCRA.

putative retaliation claim. (Doc. # 12). In Defendants' Reply, they urged the Court to dismiss with prejudice all claims against Defendants Leake and McKinney and the putative KCRA Conspiracy claim against Amedisys. (Doc. # 14). Amedisys also requested that the Court order Plaintiff to file an amended complaint, setting forth her remaining claims against Amedisys with greater particularity. *Id.*

In considering the partial Motion to Dismiss, it appears that Defendants and Plaintiff are on the exact same page: Plaintiff has agreed to the dismissal of all claims against the individual defendants, and dismissal of the putative KCRA Conspiracy claim against all Defendants, leaving only her WC Retaliation and KCRA claims against Amedisys.

However, before considering the merits of Defendants' motion, the Court must make the independent finding that it has jurisdiction over the case.

## III. ANALYSIS

### A. The Court does not have jurisdiction over this matter.

The "first and foremost question" that a court must ask, "even when the parties concede or do not raise the issue," is whether it has jurisdiction to review an action. *Valinksi v. Detroit Edison*, 197 F. App'x 403, 405 (6th Cir. 2006) (quoting *Douglass v. E.G. Baldwin & Assocs. Inc.*, 150 F.3d 604, 606-07 (6th Cir. 1998)). Regardless of the parties' actions or intent, the federal courts are required to independently "investigate and police the boundaries of their own jurisdiction. *Id.* Thus, although Plaintiff has not objected to, or even commented upon, Defendant's removal of this action, the Court must determine whether it has jurisdiction over this matter.

Congress' grant of removal power to defendants under 28 U.S.C. § 1441 is broad. ("[A]ny civil action brought in a State Court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants…"). However, this broad grant is limited by other statutes, including § 1445 of the same chapter, aptly titled "Nonremovable actions." Relevant to this case is subsection (c) of § 1445, which provides: "A civil action in any State court arising under the workmen's compensation laws of such state may not be removed to any district court of the United States." Both "arising under the workmen's compensation laws" and "may not be removed" have been earnestly disputed in the courts.

> 1. **Plaintiff's claim of retaliation for pursuit of workers' compensation benefits "arises under" Kentucky's workmen's compensation law.**

The Sixth Circuit has held that a civil action "arises under a state workmen's compensation law when either (1) the workmen's compensation law created the cause of action or (2) the plaintiff's right of relief necessarily depends on resolution of a substantial question of workmen's compensation law." *Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 203 (6th Cir. 2004). In *Harper*, the Court found that the Michigan law at question made it unlawful for an employer to discharge or discriminate against an employee because the employee had filed a complaint under Michigan's workmen's compensation law, but provided no remedy or means of enforcement, leaving both to common-law tort actions and remedies. *Id.* at 203-04. As a result, the Sixth Circuit concluded that the plaintiff's claims did not "arise under" Michigan's workmen's compensation laws, and were not prohibited from removal to federal court. *Id.*

In contrast, Kentucky's worker's compensation statute creates a cause of action and provides a remedy. Ky. Rev. Stat. Ann. § 342.197(3) ("Any individual injured by an

5

act in violation of the provisions of subsection (1) or (2) of this section shall have a civil cause of action in Circuit court to enjoin further violations, and to recover the actual damages sustained by him, together with the cost of the law suit, including a reasonable fee for his attorney of record."). Other district courts in Kentucky agree. *See Christie v. IMI South, LLC,* No. 5:15-cv-23-JHM, 2015 WL 1916145, *2 (W.D. Ky., Apr. 27, 2015) ("KRS § 342.197 arises under Kentucky's worker's compensation law because it creates a remedy."); *see also McCormack v. R.R. Donnelley & Sons Co.*, 436 F. Supp. 2d 857, 859 (E.D. Ky. 2006) ("[T]he Kentucky cause of action qualifies [under *Harper*] for a number of reasons. First, the protections of the provision are specific to workers' compensation, and the prohibition and remedy sit squarely within the chapter of the Kentucky code devoted to workers' compensation."); *Sheckles v. Ralcorp Frozen Bakery Products, Inc.*, No. 10-cv-665-JBC, 2011 WL 873507, *2 (W.D. Ky. Mar. 11, 2011) ("[The worker's compensation retaliation statute] arises under Kentucky workmen's compensation law because it creates a remedy. Unlike the Michigan and Tennessee statutes, KRS § 342.197(3) specifically creates a remedy for discharged employees seeking benefits. This limits the remedy to that specifically provided for under the statute.") (internal citation omitted).

Put simply, under *Harper*, Kentucky's worker's compensation retaliation statute, which provides a cause of action and a remedy, "arises under" the state workmen's compensation laws and is not removable under 28 U.S.C. § 1445(c).[2]

---

[2] Because the worker's compensation retaliation statute falls within the first of two possible types of cases that "arise out of" workmen's compensation laws, there is no need to perform the analysis to determine whether "the plaintiff's right of relief necessarily depends on resolution of a substantial question of workmen's compensation law." *Harper* at 203.

### 2. The prohibition on removal is a jurisdictional limitation on the district courts, which requires remand.

The removal statutes—28 U.S.C. § 1441 *et seq.*—carve out three specific types of cases that may not be removed. *See* § 1445. In particular, civil actions brought in state courts and arising under the workmen's compensation laws of the state are "nonremovable." § 1445(c).

Along with the prohibition on removal of certain cases, Congress established a simple procedure for dealing with improperly removed cases: send them back. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

The Sixth Circuit case law strongly suggests that removal of a case in contravention to § 1445 is a jurisdictional violation. *Harper*, which controls here, makes it clear that "[a] civil action 'arising under the workmen's compensation laws of [a] State' cannot be removed to a federal district court." *Harper*, 393 F.3d at 202. The *Harper* Circuit analyzed the meaning of "arising under" and "workmen's compensation laws," without returning to the word "cannot." Without any qualification to this term, it must be understood as a prohibition on the ability to remove, or on permission to remove. *See Can*, Black's Law Dictionary (10th ed. 2014).[3]

The unpublished Sixth Circuit cases are in line with *Harper*, and consistently treat removal of actions with workmen's compensation claims as jurisdictional. The most

---

[3] There has been some debate within this district as to whether the removal of an action otherwise prohibited under § 1445 is a jurisdictional or a procedural violation. *Compare McCormack v. R.R. Donnelley & Sons Co.*, 436 F. Supp. 2d 857 (E.D. Ky. 2006), *with Hackworth v. Guyan Heavy Equipment, Inc.*, 613 F. Supp. 2d 908 (E.D. Ky. 2009). Under the latter interpretation—that improper removal is a procedural defect—Plaintiff's failure to timely move for remand constitutes a waiver, and the Court is not required to remand. *See Hackworth*, 613 F. Supp. 2d at 912. But under *Harper* and the plain language of the statute, the action cannot be removed.

recent case, *Nixon v. Waste Management, Inc.*, forcefully describes the procedure for dealing with improperly removed cases. *Nixon*, 156 F. App'x 784, 786 (6th Cir. 2005) ("Mr. Nixon's retaliatory discharge action must be remanded to the Hardin County court, therefore, if the action [arises under the Tennessee workers' compensation laws]"); *see also Snuggs v. Excel Mfg of Ky., Inc.*, 187 F.3d 638, *1 (6th Cir. 1999) (table) ("Snuggs contends that the district court erred in upholding removal of her case. She cites 28 U.S.C. § 1445(c) in support of her claim. This court reviews a district court's determination of subject matter jurisdiction de novo."); *Thornton v. Denny's, Inc.*, 992 F.2d 1217, *2 (6th Cir. 1993) (table) ("Our first inquiry is whether the federal district court had jurisdiction to hear the merits of Thornton's case. Thornton contends that the district court lacked federal subject matter jurisdiction to hear the case because it arises out of a Michigan workers' compensation law. Removal of state-law workers' compensation cases is prohibited even if there is diversity of citizenship."); *Robinson v. Daugherty,* 785 F.2d 310, *1 (6th Cir. 1986) (table) ("Plaintiff cannot establish jurisdiction under 28 U.S.C. § 1357 … because plaintiff was not enforcing any federal laws when he was injured. Finally, 28 U.S.C. § 1445(c) provides that 'A civil action in any State court arising under the workmen's compensation laws of said State may not be removed to any district court of the United States.'").

In addition to the controlling effect of *Harper*, these cases weigh heavily in favor of finding that improper removal is a jurisdictional defect. *See Greene v. King James Coal Mine, Inc.*, 575 F.3d 628, 640 (6th Cir. 2009) ("Although these [ ] cases are all unpublished and not binding on us, we find them persuasive."). Therefore, this Court does not have jurisdiction over the action removed from the Bell County Circuit Court and the action

8

must be remanded.[4]

## IV. CONCLUSION

Accordingly, for the reasons stated herein,

**IT IS ORDERED** as follows:

(1) Because this case was improvidently removed, that it be **remanded** to the Bell County Circuit Court;

(2) The decision on Defendants' Motion to Dismiss (Doc. # 8) shall be left to the deliberation of the learned Bell County Circuit Court Judge; and

(3) This matter be **stricken** from the Court's active docket.

This 19th day of September, 2017.



K:\DATA\ORDERS\London\2017\17-108 White v Amedisys Order.docx

---

[4] In certain circumstances where multiple claims are brought in an action, one of which is nonremovable, claims that independently give rise of federal-question jurisdiction can remain in federal court. 28 U.S.C. § 1441(c)(1). The nonremovable claims would be severed and remanded. *Id.* at § 1441(c)(2). However, Plaintiff's other claim in this action does not pose a federal question. Therefore, the Court is unable to exercise jurisdiction over the other claim and the entire action must be remanded. *See, e.g., Horn v. Kmart*, No. 1:06-cv-493, 2007 WL 1138473 (S.D. Ohio, April 16, 2007)

9